**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 40**

Docket No. SF-0752-14-0054-I-1

**Mike A. Saiz,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

June 8, 2015

Joshua L. Klinger, Esquire, Denver, Colorado, for the appellant.

Loren L. Baker, Esquire, Barstow, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 60-day suspension.  For the reasons discussed below, we GRANT the agency's petition for review, REVERSE the initial decision, and SUSTAIN the appellant's removal.

BACKGROUND

¶2      On September 10, 2013, the agency proposed the appellant's removal from his WG-7 Painting Worker position for "Possession of a Controlled Substance Aboard a Military Installation and Testing Positive for Amphetamine(s), Methamphetamine and Marijuana (THC) While in a Duty Status."  Initial Appeal

File (IAF), Tab 4, Subtab 4c.  After the appellant replied to the proposal, *id.*, Subtab 4b, the agency issued a decision sustaining the charges and finding removal warranted,[1] *id.*, Subtabs 4, 4a.  The appellant appealed to the Board and argued that the agency did not remove others who had been similarly charged, but rather offered them last chance agreements, and that this disparity in treatment was based on his age (58) and race (Hispanic).  IAF, Tabs 1, 8.

¶3    After convening the requested hearing, the administrative judge issued an initial decision.  IAF, Tab 13, Initial Decision (ID).  She first found that, because the appellant did not dispute the charges and stipulated to all of the facts necessary to prove them, they were sustained.  ID at 4.  The administrative judge then considered the appellant's affirmative defenses of discrimination based on age and race, rejecting the claims on the basis that neither of the comparator employees identified by the appellant was similarly situated to him.  ID at 4-8. The administrative judge also found that the agency proved that the action promoted the efficiency of the service.  ID at 8-9.  However, she found that the agency's penalty determination was not entitled to deference, that removal was not within the tolerable limits of reasonableness, and that the maximum reasonable penalty for the sustained charges was a 60-day suspension (30 days for each offense).  ID at 9-19.

¶4    The agency has filed a petition for review, arguing that the administrative judge impermissibly usurped the role of the deciding official in selecting the penalty and abused her discretion in mitigating the removal to a 60-day

---

[1] The appellant pled guilty in United States District Court to one count of possession of a controlled substance, and was fined, sentenced to 1 year summary probation, and ordered to successfully complete a drug treatment program.  IAF, Tab 11 at 44-47.

suspension.[2] *See* Petition for Review (PFR) File, Tab 1 at 6-18. The appellant has filed a response,[3] and the agency has replied to the appellant's response. PFR File, Tabs 6, 7.

## ANALYSIS

¶5        Where the Board sustains an agency's charges, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 9 (quoting *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir 1987)), *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006). That is because the employing agency, and not the Board, has primary discretion in maintaining employee discipline and efficiency. *Balouris v. U.S. Postal Service*, 107 M.S.P.R. 574, ¶ 6 (2008), *aff'd*, No. 2008-3147, 2009 WL 405827 (Fed. Cir. 2009); *Batten*, 101 M.S.P.R. 222, ¶ 9. The Board will not displace management's responsibility, but instead will ensure that managerial judgment has been properly exercised. *Balouris*, 107 M.S.P.R. 574, ¶ 6; *Batten*, 101 M.S.P.R. 222, ¶ 9. Mitigation of an agency-imposed

---

[2] With its petition, the agency has submitted proof of its compliance with the administrative judge's interim relief order. Petition for Review (PFR) File, Tab 1 at 19-22; *see* ID at 21.

[3] The appellant has not filed a petition for review or otherwise challenged the administrative judge's findings that the agency proved the charges, that the appellant failed to establish his affirmative defenses, and that the agency established nexus. PFR File, Tab 6. Because the appellant has not challenged these findings and because we discern no error in the administrative judge's well-reasoned initial decision regarding these matters, we will not disturb the findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

penalty is appropriate only where the agency failed to weigh the relevant factors or where the agency's judgment clearly exceeded the limits of reasonableness. *Balouris*, 107 M.S.P.R. 574, ¶ 6; *Batten*, 101 M.S.P.R. 222, ¶ 11. The deciding official need not show that he considered all the mitigating factors, and the Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding on a penalty. *Balouris*, 107 M.S.P.R. 574, ¶ 6; *Batten*, 101 M.S.P.R. 222, ¶ 11.

The agency did not have a zero tolerance policy for possession and use of illegal drugs and the deciding official did not apply such a policy on his own.

¶6        When an agency imposes removal under a zero tolerance policy without giving bona fide consideration to the appropriate *Douglas*[4] factors, its penalty determination is not entitled to deference. *Wiley v. U.S. Postal Service*, 102 M.S.P.R. 535, ¶ 15 (2006), *aff'd*, 218 F. App'x 1001 (Fed. Cir. 2007); *Omites v. U.S. Postal Service*, 87 M.S.P.R. 223, ¶ 11 (2000). In such a case, the Board will independently weigh the relevant *Douglas* factors to evaluate the reasonableness of the penalty. *Wiley*, 102 M.S.P.R. 535, ¶ 15; *Omites*, 87 M.S.P.R. 223, ¶ 11.

¶7        Here, the administrative judge found that, in presenting its case, the agency emphasized that it has a zero tolerance policy concerning drugs in the workplace. ID at 10. The administrative judge determined that the deciding official testified that such a policy is provided for in the Master Labor Agreement, which contains the agency's Drug Free Workplace Program, and that, in the past, he has removed employees who brought drugs to the workplace and who were under the influence of such drugs. *Id.* The administrative judge found, however, that, despite

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

references to a zero tolerance policy, there is no evidence in the record that one exists. She determined that, nevertheless, the deciding official acted as if there was such a policy, failing to give any consideration to imposing a penalty less than removal, and giving only a cursory evaluation of the *Douglas* factors, particularly the mitigating factors. ID at 11. On that basis, the administrative judge determined that the agency's penalty selection was not entitled to deference. ID at 11-19.

¶8 The agency's policy against drugs in the workplace is reflected in its Civilian Human Resources Manual, Subchapter 792.3, Drug-Free Workplace Program of October 2005, IAF, Tab 11 at 9-20, and is specifically referenced in the Master Labor Agreement, *id*. at 36-41. The policy provides that "[a]ppropriate administrative action will be taken in every instance of illegal drug use." *Id*. at 10. A December 13, 2005 Memorandum for Distribution titled General Notice of Drug Testing for New Employees under Department of the Navy Drug-Free Workplace Program provides that the agency will not tolerate the use of illegal drugs and that disciplinary action up to and including removal will be initiated for the first failure to remain drug-free. *Id*. at 22-23. In addition, the agency's Table of Penalties provides for a range in penalties from a 14-day suspension to a removal for a first offense of unlawful use, being under the influence, or possession of drugs or drug paraphernalia on or off duty. IAF, Tab 4, Subtab 4e at 8. These documents do not suggest a zero tolerance policy whereby any drug violation will result in removal of the offending employee. We therefore agree with the administrative judge's finding that the agency did not, in fact, have a fully documented, agency-specific zero tolerance policy.[5]

---

[5] Although we need not reach the issue here, we note that Executive Order 12564 (Sept. 15, 1986), and a recent memorandum issued by the Director of the Office of Personnel Management, "Federal Laws and Policies Prohibiting Marijuana Use," May 26, 2015, available at http://www.chcoc.gov/transmittals/TransmittalDetails.aspx?TransmittalID=6766, require federal employees to refrain from the use of illegal drugs.

¶9    As noted, however, the administrative judge found that, notwithstanding the lack of an agency zero tolerance policy, the deciding official nonetheless applied such a policy. ID at 11. After a thorough review, we find that the administrative judge's finding is not supported by the record. Appended to the removal notice issued to the appellant by the deciding official was a three-page *Douglas* factors analysis, which reflects that the deciding official carefully considered the *Douglas* factors and how each one applied to the appellant's situation. IAF, Tab 4, Subtab 4a at 3-5. The deciding official's hearing testimony was in accord; he testified that not every case of illegal drug use mandates removal, that it is necessary to look at the facts and circumstances of each case, and that he did so here. Hearing Compact Disc (HCD) (testimony of the deciding official). Because the deciding official weighed the relevant factors in arriving at the penalty of removal, we find, under these circumstances, that the administrative judge erred by failing to afford the agency's penalty determination deference.[6] *See Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010) (stating that, where all of an agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness); *Harris v. U.S. Postal Service*, 100 M.S.P.R. 613, ¶ 13 (2005) (same).

---

[6] We are aware that our reviewing court, the United States Court of Appeals for the Federal Circuit, has held that the Board must defer to an administrative judge's credibility determinations when they are based on the demeanor of witnesses testifying at a hearing and that we may overturn such determinations only based on "sufficiently sound" reasons. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Sufficiently sound reasons include findings that are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004). Here, the administrative judge's findings are not based on the demeanor of the deciding official, and our finding is based on a careful weighing of the record as a whole, including the deciding official's testimony and the *Douglas* factors analysis attached to the decision notice.

<u>Even if the agency's penalty determination was not entitled to deference, the penalty of removal is within the tolerable limits of reasonableness.</u>

¶10    Even if we agreed with the administrative judge that the deciding official operated under the mistaken belief that any drug violation mandated removal such that his penalty determination is not entitled to the Board's deference, we would still find that removal is a reasonable penalty in this case. Our independent analysis of the appropriate penalty is set forth below.

¶11    In selecting a reasonable penalty, the Board must consider, first and foremost, the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Arena v. U.S. Postal Service*, [121 M.S.P.R. 125](), ¶ 6 (2014); *Wynne v. Department of Veterans Affairs*, [75 M.S.P.R. 127](), 135 (1997). Here, the agency found, and the appellant did not deny, that he was in possession, and visibly under the influence, of illegal drugs while on duty at the military installation. The appellant's position description emphasizes its considerable physical demands, including working from ladders, scaffolds, and on top of equipment at heights up to 18 feet and underneath vehicles. IAF, Tab 4, Subtab 4d. The position description also identifies workplace hazards caused by acids, fluids, and lubricants and states that employees must follow proscribed safety practices and use safety equipment. *Id*. Thus, we agree with the deciding official's concern about the potential for injury to the appellant and others if he performed his duties while impaired.[7] HCD (testimony of the deciding official). Accordingly, we conclude that the appellant's misconduct was serious and directly related to the duties and

---

[7] The administrative judge recognized that, "[i]n the context of the military industrial environment" in which the appellant worked, "the safety of the appellant and his coworkers was of paramount concern." ID at 12; *see* HCD (testimony of the deciding official).

responsibilities of his position. *See Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 16 (2014) (finding drug use by an aircraft mechanic a serious act of misconduct). In addition, in light of the misconduct admitted to by the appellant, it is understandable that the deciding official has lost trust and confidence in him. IAF, Tab 4, Subtab 4a at 4.

¶12 Also significant in our penalty analysis is the agency's Table of Penalties, which provides that removal is within the range of penalties for a first offense of unlawful use, being under the influence, or in possession of drugs or drug paraphernalia on or off duty. *Id.*, Subtab 4e at 8; *see Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶ 18 (2004) (noting that the agency-imposed penalty was consistent with the Table of Penalties and that fact supported reversal of the administrative judge's mitigation of the penalty), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005). It is particularly noteworthy here that the appellant was both in possession of drugs <u>and</u> under their influence while on duty. In addition, not only is removal within the range of penalties provided for in the Table of Penalties for the sustained misconduct, but the deciding official has imposed removal on other employees who committed the same or similar offenses. HCD (testimony of the deciding official). Finally, the agency's commitment to a drug-free workplace is long standing, as evidenced by its Civilian Human Resources Manual, its General Notice of Drug Testing, and the Master Labor Agreement, and the appellant has not argued that he was unaware of the policy. IAF, Tab 11 at 8-23, 36-42.

¶13 While the facts set forth above support the appellant's removal, we must weigh them against the mitigating factors present in this case. The appellant has 9 years of acceptable, discipline-free service with the agency, and submitted a number of letters of support from a supervisor, coworkers, friends, and a union steward. IAF, Tab 8 at 27-34, 72, 75. These facts merit consideration in determining the appropriate penalty. *See Wentz v. U.S. Postal Service*, 91 M.S.P.R. 176, ¶ 18 (2002) (finding that 13 years of discipline-free service was a significant mitigating factor). In addition, he has expressed remorse for his

actions, although the weight given to that remorse must be reduced because he did so only after his misconduct was discovered. *Singletary v. Department of the Air Force*, [94 M.S.P.R. 553](#), ¶ 15 (2003) (stating that an employee's expression of remorse constitutes a significant mitigating factor only when he informs the agency of his wrongdoing of his own volition and not after the agency investigation already has occurred), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004).

¶14    The appellant also has submitted evidence showing that he successfully completed inpatient and outpatient drug treatment, as well as treatment for alcoholism.  IAF, Tab 8 at 24, 75, 90-91.  Although these efforts on the appellant's part are commendable and could be viewed as evidence of his potential for rehabilitation, it remains true that he did not undertake such efforts, or any efforts, until after the incidents in question, which resulted in his arrest and conviction for a drug-related offense.  Nor has he argued that he was under unusual job tensions, or suffered any personality problems, mental impairment, harassment, bad faith, malice, or provocation on the part of others that might have affected his behavior.

¶15    As discussed above, while we believe that the agency's penalty determination is entitled to deference, even if it is not entitled to deference, based on our independent review of the record and the relevant *Douglas* factors, we find that the mitigating factors are outweighed by the seriousness of the appellant's intentional misconduct, particularly given the agency's well-supported position that he must be able to carry out his duties in a safe manner and the obvious potential danger to himself and others should he fail to do so.  The penalty of removal is consistent with prior Board decisions, which have upheld removal as a reasonable penalty for drug-related offenses.[8]  *See, e.g.*, *Thomas v. U.S. Postal*

---

[8] The administrative judge did not cite any cases to support her decision to find that a 60-day suspension was the maximum reasonable penalty.  ID at 19.

*Service*, 96 M.S.P.R. 179, ¶¶ 2, 18 (2004) (reversing an initial decision that mitigated the removal of a Postal worker for, among other things, use of marijuana while on duty); *Spotti v. Department of the Air Force*, 49 M.S.P.R. 27, 29, 34 (1991) (finding removal reasonable where an Instrument Worker used marijuana on his lunch breaks), *overruled on other grounds by Scott v. Department of Justice*, 69 M.S.P.R. 211, 228-29 (1995), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table). We conclude, therefore, that removal is a reasonable penalty for the sustained charges.

## ORDER

¶16 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

repayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e5](f) and [29 U.S.C. § 794a].


FOR THE BOARD:



_____
William D. Spencer
Clerk of the Board
Washington, D.C.