# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

HAROLD E. BROOKS,
          Appellant,

          v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-0752-14-0752-I-1

DATE: July 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Larry Provencio</u>, Barstow, California, for the appellant.

<u>Loren Baker</u>, Barstow, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant, a Heavy Mobile Equipment Repairer, WG-08, with the agency's Marine Corps Logistics Command in Barstow, California, on two of four proposed charges, possession of a controlled substance and drug paraphernalia aboard a military installation, and testing positive for amphetamine(s), methamphetamine, and marijuana while in a duty status. Initial Appeal File (IAF), Tab 3, Subtabs 4, 4a-4c. The appellant filed a timely Board appeal. IAF, Tab 1. In a prehearing conference, the appellant stipulated that, as charged, he possessed a controlled substance and drug paraphernalia aboard a military installation and that he tested positive for amphetamine(s), methamphetamine, and marijuana while in a duty status. IAF, Tab 9 at 2; IAF, Tab 3, Subtab 4c. The appellant also stipulated to the facts set forth in supporting paragraphs e-f of the possession charge, and to supporting paragraphs g-j of the positive test charge, specifically acknowledging that he had used "weed" and "speed" before work that very morning. *Id.*

¶3 After holding a hearing, the administrative judge sustained both charges based on the appellant's stipulations, the appellant's failure to dispute them, and the evidentiary record. IAF, Tab 14, Initial Decision (ID) at 6. The administrative judge also rejected the appellant's affirmative defenses of age and

race discrimination, individually analyzing each of the potential comparators to find that none of them were similarly situated to the appellant for the purpose of an affirmative defense of discrimination on the basis of disparate treatment and determining that the appellant failed to prove that either racial or age discrimination motivated the agency to remove him. ID at 4-10; *see, e.g.*, *Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 6 (2014) (for employees to be deemed similarly situated for an affirmative defense of discrimination on the basis of disparate treatment, all relevant aspects of the appellant's employment situation must be nearly identical to those of the comparators, including reporting to the same supervisor, being subjected to the same standards, and engaging in conduct similar to the appellant's without differentiating or mitigating circumstances).

¶4      The administrative judge also found that any delay in the appellant's referral to the agency's Employee Assistance Program was consistent with the requirements of the parties' collective bargaining agreement and had no effect on the agency's decision, especially considering that the appellant self-referred to the program on the day after the specified misconduct occurred. ID at 10-11. The administrative judge further found that the agency established a nexus between the appellant's misconduct and the efficiency of the service and that the agency both considered all the relevant *Douglas* factors and exercised its managerial discretion such that the penalty of removal was well within the tolerable limits of reasonableness. ID at 12-18. The administrative judge also rejected the appellant's claim of disparate penalty, finding that the proffered comparators were not valid ones, as their proposed removals were resolved through settlements or involved misconduct that was either less serious or too remote in time to the appellant's misconduct. ID at 15-16.

¶5      In his timely filed petition for review, the appellant does not challenge the administrative judge's findings that the agency proved the charges, that the appellant failed to establish his affirmative defenses, and that the agency

established nexus.[2]  Petition for Review (PFR) File, Tab 1.  His sole assertion on review is that the Board should mitigate the penalty in this appeal based on the initial decision of a different administrative judge in a different case in which the appellant's contentions are both similar as to the charge as well as to the tenure and work history of the employee involved therein.  *Id.* at 3-4, 6-30.  In that other initial decision, rendered the week after the hearing on the appellant's appeal, the administrative judge mitigated the penalty from a removal to a 60-day suspension.  *See Saiz v. Department of the Navy*, MSPB Docket No. SF-0752-14-0054-I-1, Initial Decision (Nov. 6, 2014).   The agency responds in opposition to the appellant's petition for review.  PFR File, Tab 3.

¶6        Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. Evidence submitted with a petition for review, in addition to being new, must also be material to the appeal.  5 C.F.R. § 1201.115(d).  Although the initial decision in *Saiz* was issued after the conclusion of the hearing in this appeal, and therefore was unavailable before the close of the record in the appellant's appeal, *see* 5 C.F.R. § 1201.58, the Board has long held that an initial decision issued in another case does not constitute new and material evidence, *e.g.*, *Taggart v. U.S. Postal Service*, 3 M.S.P.R. 108, 110 (1980); *Berry v Department of Energy*, 21 M.S.P.R. 95, 96 (1984).

¶7        Moreover, the agency filed a petition for review of the initial decision in *Saiz*, which the Board granted.  The Board reversed the administrative judge's

---

[2] Because the appellant has not challenged these findings and because we discern no error in the administrative judge's well-reasoned initial decision regarding these matters, we will not disturb the findings.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

mitigation of the penalty and sustained the agency's removal action, affording deference to the deciding official's penalty determination. *Saiz v. Department of the Navy*, 2015 MSPB 40. Like the appellant in this matter, Mr. Saiz was found in possession and under the influence of the same illegal drugs that the appellant admitted to using, also while on duty at a military installation. *Id.*, ¶ 11, *see* ID at 3-4. In sustaining the removal penalty, the Board commented that, even if the penalty determination of the deciding official in *Saiz*, who was the same deciding official as in the instant matter, was not entitled to deference, its independent analysis found that the penalty of removal was within the tolerable limits of reasonableness for the misconduct established. *Saiz*, 2015 MSPB 40, ¶¶ 10-12.

¶8    We find that the same is true in this appeal. The appellant's serious misconduct was directly related to the duties and responsibilities of his position repairing heavy mobile equipment and the safety of those who use the equipment he repaired. *See, e.g.*, *Saiz*, 2015 MSPB 40, ¶ 11; *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 16 (2014) (finding drug use by an aircraft mechanic a serious act of misconduct). Additionally, we agree that the appellant's mitigating factors, including his previously clean disciplinary record and long record of acceptable performance, simply do not outweigh the serious misconduct established in this matter. ID at 17. Accordingly, we DENY the appellant's petition for review.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.